**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RICHARD GREENWOOD individually and on behalf of his deceased son DARIEN GREENWOOD** | * | **CIVIL ACTION NO:** |
| | * | **MAGISTRATE:** |
| **VERSUS** | * | |
| **JACK STRAIN, THE ST. TAMMANY PARISH SHERIFF'S OFFICE, AND DEPUTIES** | * | **SECTION:** |

******************************************************************************

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, Richard Greenwood, individually and on behalf of his deceased son, DARIEN GREENWOOD, alleging causes of action for civil rights violations, assault and battery, murder, negligence and intentional infliction of emotional distress, who respectfully represents, upon information and belief, as follows:

1.

Petitioner is Richard Greenwood, individually and on behalf of his deceased son, DARIEN GREENWOOD, a person of the full age of majority and a citizens of the United States of America, residing in the State of Florida.

2.

Made defendants herein are:

a. Jack Strain, a person of the full age of majority and a resident of the Eastern District

of Louisiana. He is and was at all relevant times the Criminal Sheriff of St. Tammany Parish. He is and was at all relevant times responsible for the hiring, training, supervision, discipline, and control of the deputies under his command as well as the supervision, administration, policies, practices, customs and operations of the St. Tammany Parish Sheriff's Office. He is responsible, through its officers, employees, servants and agents, for enforcing the regulations and standards of conduct for the Jefferson St. Tammany Sheriff's Office and for ensuring that its officers, employees, servants and agents obey the laws of the State of Louisiana and the United States. He is a final policymaker. He is being sued herein in his individual and official capacities. He is liable directly and vicariously for the actions complained of herein;

b. Deputy John Doe 1, an individual over the age of majority, at all pertinent times serving as an officer in St. Tammany Parish Sheriff's Office, in his official capacity and personally.

c. Deputy John Doe 2, an individual over the age of majority, at all pertinent times serving as an officer in St. Tammany Parish Sheriff's Office, in his official capacity and personally.

3.

Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1983, 1985, 1986 and 1988. This action is further instituted pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction is invoked as to matters cognizable under the Constitution and laws of the State of Louisiana, particularly, but not exclusively, to Louisiana Civil Code Articles 2315 and 2316.

4.

Venue of this action is proper in the Eastern District of Louisiana pursuant to 28 USC 1391 as all, or nearly all, of the named Defendants are domiciled in St. Tammany Parish, Louisiana within the Eastern District of Louisiana and all of the relevant events and damages occurred in the Eastern District of Louisiana.

5.

On or about October 20, 2015, around 12:30 p.m. Darien Greenwood rode with a friend, Dean Perkins to a house located off of Highway 1088 in St. Tammany Parish Louisiana. Upon information and belief, Perkins and Greenwood entered the home without permission. The resident returned while Greenwood and Perkins were exiting the dwelling and called 911.

6.

Perkins and Greenwood fled the residence in a Chevrolet sedan. St. Tammany Sheriff's Deputies spotted the vehicle on Interstate 12 near Highway 59 and began pursuit. Perkins and Greenwood stopped the car on Highway 59 near Koop Drive north of Interstate 12 in Mandeville, Louisiana. Perkins and Greenwood fled the vehicle in separate directions on foot.

7.

Perkins was captured by St. Tammany Sheriff's deputies within minutes of his flight from the vehicle. Greenwood escaped into a nearby wooded area where he eluded Sheriff's deputies for hours.

8.

Upon information and belief, when Sheriff's deputies located Greenwood, they released a K-9 police dog which attacked Greenwood's right arm, right side and right upper chest. In an effort to stop the K-9 from attacking him, Greenwood may have injured the K-9. At that time, two unidentified sheriff's deputies opened fire on Greenwood, shooting him seven times. Two bullets entered his right arm then penetrated his left side, one entered his left shoulder, another his left arm, two in the back, and one in his left shoulder.

9.

Greenwood was pronounced "dead on arrival" at North Oaks Medical Center in Hammond, Louisiana from "multiple gunshot wounds" inflicted by "police officers."

10.

The actions described above were committed by several unknown deputies under the authority of the St. Tammany Parish Sheriff's Office , ultimately, Sheriff Jack Strain.

11.

Through these acts and/or omissions, defendants violated 42 U.S.C. §§ 1983, 1985 and 1986, as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

12.

Defendants are additionally liable to Petitioners pursuant to Louisiana law, including, but not limited to the Louisiana Civil Code Articles 2315 and 2316, through the commission of negligence, assault, battery, murder, and the negligent and intentional infliction of emotional distress.

13.

Specifically, defendants John Doe 1 and 2 committed the following non-exclusive list of negligent, intentional and otherwise culpable acts:

a. Engaging in conduct which violated, and otherwise exhibited a reckless and callous disregard to, Petitioner's legally protected constitutional and statutory rights;

b. Using brutal and lethal force and restraint in a situation under circumstances not requiring such force and restraint;

c. Exhibiting a deliberate indifference to Petitioner's medical needs;

d. Conspiring to and in fact covering up the facts and circumstances surrounding the murder of Petitioner;

e. Failing to prevent the death of Petitioner within the meaning of 42 U.S.C. § 1986;

f. Failing to attempt to use less extreme uses of force on Petitioner;

g. Failing to stop the dog from attacking Petitioner;

h. Failing to following certain k-9 and use of force protocols; and,

i. Deliberate indifference to the safety of Mr. Greenwood.

14.

Defendants, Jack Strain:

a. Did then and presently still have a custom, policy, practice, and procedure of negligently and inadequately hiring, training, testing, supervising and retaining deputies;

b. Were negligent in their failure to adequately train, supervise and discipline their deputies;

c. Condoned, ratified, approved and/or otherwise acquiesced in the death of Petitioner;

d. Conspired to and did in fact cover up the facts and circumstances that surrounded the shooting and false and warrantless arrest of Petitioner;

e. Are liable for the actions of defendants, Deputy John Doe 1 and Deputy John Doe 2 and/or deputies under the principle of *respondent superior*;

f. Failed to prevent the death of Petitioner, Darien Greenwood, within the meaning of 42 U.S.C. § 1986;

g. Had notice of a pattern of unconstitutional acts committed by subordinates, demonstrated deliberate indifference and failed to take remedial action; and,

h. Failed to adequately screen the background of Deputy John Doe 1 and Deputy John Doe 2 prior to hiring.

15.

As a direct and proximate result of the intentional, reckless and negligent conduct of the defendants described above, Petitioner, sustained the following damages:

a. Deprivation of rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. §§ 1983 and 1985.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 50,000

b. Punitive Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,000,000

c. Personal Injuries.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,000,000

d. Pain and Suffering. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100,000

e. Injury to reputation and public embarrassment. . . . . . . . . . . . . . . . . . . . . . 100,000

f. Humiliation and emotional distress. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100,000

g. Attorneys Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . In an amount to be determined

16.

Petitioner believes and therefore, alleges that the same police officers have been guilty of other acts of brutality, and deprivation of rights to other persons under the color of law, by working for the St. Tammany Parish Sheriff's Office/and/or other law enforcement agencies and that Sheriff Jack Strain knew or should have known that a pattern of such deprivation of rights had occurred and should have taken steps to restrain, discipline and/or discharge the Defendants, Deputy John Doe 1 and Deputy John Doe 2 .

17.

Pursuant to 42 USC 1998, Plaintiff is entitled to reasonable attorney's fees and costs for the prosecution of this action.

18.

Darien Greenwood was survived by his father, Richard Greenwood. Richard Greenwood and his son were very close and the loss of his son was devastating. Richard Greenwood sustained damages as the result of the death of Darien Greenwood, including past and future emotional distress, past and future mental anguish, past and future grief, past and future loss of support, services, society, and companionship, as well as past and future financial support. Richard Greenwood as the surviving father, is proper party plaintiff to assert this cause of action for the wrongful death of Darien Greenwood (*La. C.C. Art. 2315.2*).

19.

Darien Greenwood suffered conscious, extreme, pain and suffering, emotional distress, mental anguish, and the knowledge of his impending untimely death at the age of 30. Richard Greenwood as the surviving father, is entitled to bring this survival cause of action for the pre-death damages experienced by Darien Greenwood (*La. C. C. Art. 2315.1*).

20.

Shortly following his son's death on October 20, 2015, Mr. Greenwood requested information from concerning his son's death from Sheriff Jack Strain's office. Despite repeated attempts to ascertain this information and promises that this information would be provided, nothing has been produced to date, not even the names of the individuals responsible for the homicide. Jack Strain has failed to take any public action to date and communicate any of his actions with Mr. Greenwood, including but not limited to the production of an investigative report. The production of the other related incident reports that are complete have also been withheld by Jack Strain and/or other officers acting on his behalf.

**WHEREFORE**, Petitioner, Richard Greenwood, individually and on behalf of his deceased son, DARIEN GREENWOOD, request that this Complaint be filed and that the defendants be duly cited and served with a copy of this Complaint and that after all legal delays by law have elapsed and due proceedings had, that there be judgment herein in favor of Petitioner, Richard Greenwood, individually and on behalf of his deceased son, DARIEN GREENWOOD and against all Defendants, in solido, for such sums as will be proven at the trial of this matter, including, but not limited to, compensatory damages, punitive damages, reasonable attorney's fees, court costs, pre- and post-judgment interest, expert fees and for all general and equitable relief to which he is entitled.

Respectfully submitted,

/s/ Bruce C. Betzer
Bruce C. Betzer, Bar No. 26800
***The Law Office of Bruce C. Betzer***
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-1984
Fax: (504) 304-9964
*Attorney for Petitioner, Richard Greenwood, individually and on behalf of his deceased son, DARIEN GREENWOOD*

**Please withhold Service.**
**Waiver of the Service of Summons has been issued**.